# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| AMERICAN BUILDERS INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> BEN MCCORMICK HOMES, LLC, G&S SUPPLY CO., RODNEY WRENN II AND BRITINEY WRENN, OLDE TOWNE HEATING & AIR, LLC, LOW COUNTRY ELECTRICAL CONTRACTOR, LLC, COHEN'S DRYWALL COMPANY, INC., TRICOUNTY MASONS, LLC, NOVAC CONSTRUCTION, INC. MELINDA BAYLES, AND GOMES CONSTRUCTION, LLC, <br><br> Defendants. | CASE NO.: <br><br> **AMERICAN BUILDERS INSURANCE COMPANY'S DECLARATORY JUDGMENT COMPLAINT** <br><br> **(NON-JURY)** |

Plaintiff, American Builders Insurance Company as a member of Builders Insurance Group ("Builders"), by and through its undersigned counsel, hereby states the following as its complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure ("FRCP").

## PRELIMINARY STATEMENT

1. Pursuant to 28 U.S.C. § 2201 and Rule 57, FRCP, Builders seeks a declaratory judgment and adjudication concerning the rights, obligations, and liabilities of the parties under certain policies of insurance with respect to claims of damages which have arisen as a result of a construction project at a single family residence located at 1111 Spiers Circle in Bonneau, South Carolina (the "subject residence"), which is the subject of a matter pending in the Court of

Common Pleas, County of Berkeley, State of South Carolina, Ninth Judicial Circuit titled *Rodney Wrenn II & Britney Wrenn v. Ben McCormick Homes, LLC and G&S Supply Co.*, 2022-CP-08-01282 (the "Underlying Lawsuit"). A copy of the complaint filed in the Underlying Lawsuit is attached as Exhibit A.

2. This declaration is required to determine an actual controversy between Builders and Ben McCormick Homes, LLC ("McCormick Homes") regarding the parties' rights and obligations under the Builders' insurance policies issued to McCormick Homes.

## JURISDICTION

3. Jurisdiction over the claims, subject matter and parties contained herein is invoked pursuant to 28 U.S.C. § 1332(a)(1) and (c) in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.

## VENUE

4. This action properly lies in the United States District Court for the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. § 1391(a)(1) and (2) because the work performed on the project lies in this judicial district; the underlying action is pending in this judicial district; the parties are subject to personal jurisdiction in the state of South Carolina; and a substantial part of the events giving rise to this declaratory judgement action occurred in this judicial district. Thus, venue is proper in this judicial district.

## PARTIES

5. This matter is a declaratory judgement action, pursuant to 28 U.S.C. § 2201 *et seq.* and Rule 57, FRCP, seeking a declaration by this Court as to the rights and obligations of the parties herein pursuant to policies of insurance sold by Builders to Ben McCormick Homes, LLC ("McCormick Homes").

6. Builders is an insurance company organized and existing under the laws of the State of Delaware, which is licensed to sell policies of insurance in the State of South Carolina and maintains its principal place of business in Georgia.

7. McCormick Homes is an entity organized and existing pursuant to the laws of the State of South Carolina with its principal place of business in Charleston and at all times relevant to this action was conducting business at the subject construction project.

8. Nothing contained herein is to be construed as in support of the allegations against McCormick Homes in the Underlying Lawsuit.

9. Defendant G&S Supply Co. ("G & S") is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Charleston, South Carolina. Defendant G & S is named as a Defendant in this case only because it may be a necessary party to this insurance coverage dispute. Builders seeks no separate relief or judgment from this Defendant but only seeks to bind it to the outcome of this coverage dispute.

10. Defendants Rodney Wrenn II & Britiney Wrenn are individuals and citizens of Berkeley County in the State of South Carolina. Defendants Rodney Wrenn II and Britiney Wrenn are named as Defendants in this case only because they may be necessary parties to this insurance coverage dispute. Builders seeks no separate relief or judgment from these Defendants but only seeks to bind them to the outcome of this coverage dispute.

11. Defendant Olde Towne Heating & Air, LLC ("Olde Towne Heating & Air") is a limited liability company organized and existing under the laws of the State of South Carolina and at all times relevant to this action was conducting business at the subject construction project. Defendant Olde Towne Heating & Air is named as Defendant in this case only because it may be

a necessary party to this insurance coverage dispute. Builders seeks no separate relief or judgment from this Defendant but only seeks to bind it to this coverage dispute.

12. Defendant Low Country Electrical Contractor, LLC ("Low Country Electrical Contractor") is a limited liability company organized and existing under the laws of the State of South Carolina and at all times relevant to this action was conducting business at the subject construction project. Defendant Low Country Electrical Contractor is named as Defendant in this case only because it may be a necessary party to this insurance coverage dispute. Builders seeks no separate relief or judgment from this Defendant but only seeks to bind it to this coverage dispute.

13. Defendant Cohen's Drywall Company, Inc. ("Cohen's Drywall Company") is a corporation organized and existing under the laws of the State of South Carolina and at all times relevant to this action was conducting business at the subject construction project. Defendant Cohen's Drywall Company is named as Defendant in this case only because it may be a necessary party to this insurance coverage dispute. Builders seeks no separate relief or judgment from this Defendant but only seeks to bind it to this coverage dispute.

14. Defendant Tricounty Masons, LLC ("Tricounty Masons") is a limited liability company organized and existing under the laws of the State of South Carolina and at all times relevant to this action was conducting business at the subject construction project. Defendant Tricounty Masons is named as Defendant in this case only because it may be a necessary party to this insurance coverage dispute. Builders seeks no separate relief or judgment from this Defendant but only seeks to bind it to this coverage dispute.

15. Defendant Novac Construction, Inc. ("Novac Construction") is a corporation organized and existing under the laws of the State of South Carolina and at all times relevant to

this action was conducting business at the subject construction project. Defendant Novac Construction is named as Defendant in this case only because it may be a necessary party to this insurance coverage dispute. Builders seeks no separate relief or judgment from this Defendant but only seeks to bind it to this coverage dispute.

16. Defendant Melinda Bayles is an individual and resident and at all times relevant to this action was conducting business at the subject construction project. Defendant Bayles is named as Defendant in this case only because it may be a necessary party to this insurance coverage dispute. Builders seeks no separate relief or judgment from this Defendant but only seeks to bind it to this coverage dispute.

17. Defendant Gomes Construction, LLC ("Gomes Construction") is a limited liability company organized and existing under the laws of the State of South Carolina and at all times relevant to this acting was conducting business at the subject construction project. Defendant Gomes Construction is named as Defendant in this case only because it may be a necessary party to this insurance coverage dispute. Builders seeks no separate relief or judgment from this Defendant but only seeks to bind it to this coverage dispute.

## FACTUAL BACKGROUND

18. The Underlying Lawsuit arises out of the construction of Rodney and Britiney Wrenn's single family residence located at 1111 Spiers Circle in Bonneau, South Carolina. *See* Amended Complaint, attached hereto as Exhibit B.

19. The Underlying Lawsuit alleges Rodney and Britiney Wrenn contracted with McCormick Homes and G & S for the construction of the subject residence.

20. The Underlying Lawsuit alleges McCormick and/or G & S hired the following subcontractors to perform various scopes of work at the subject residence: Olde Towne Heating &

5

Air, Low Country Electrical Contractor, Cohens Drywall Company, Tricounty Masons, Nova Construction, Melinda Bayles, and Gomes Construction.

21.     The Underlying Lawsuit alleges Rodney and Britiney Wrenn discovered construction deficiencies including structural problems, improper roofing installation, improper HVAC installation, and failures on the part of McCormick Homes, G & S, and/or the subcontractors to follow the construction plans and specifications.

22.     The Underlying Lawsuit seeks a judgment against, among others, McCormick Homes for actual and punitive damages.

## POLICIES

23.     Builders issued the following Commercial General Liability policies to McCormick Homes: GLP 0015894 11 (effective dates of 10/20/2018 – 10/20/2019) and GLP 0015894 12 (effective dates of 10/20/2019 – 10/20/2020). True and accurate copies of the foregoing policies are attached hereto as Exhibit C.

24.     The Builders' Policies insured McCormick Homes for certain liability risks under the insuring agreement and, in turn, excluded certain liability risks pursuant to and through various policy exclusions. All the terms, conditions, obligations, and duties under and pursuant to the Policies are incorporated herein by reference.

25.     By letters dated August 26, 2020, July 11, 2022, and October 8, 2024, Builders agreed to defend McCormick Homes in the Underlying Lawsuit under a complete reservation of rights. *See* RORs, attached hereto as Exhibit D.

## FIRST CAUSE OF ACTION
**(Who Is An Insured)**

26.     Builders incorporates by reference the allegations set forth in the preceding paragraph as if fully restated herein.

6

27. The Builders' Policies contain the following provision regarding who qualifies as an insured:

****

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

   ...

   c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

   ...

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

****

28. The Builders' Policies were issued to McCormick Homes as the only Named Insured on the Policies.

29. Builders seeks a declaration from the Court that the Policies exclude coverage for all individuals and/or entities except for McCormick Homes and its "members," but only with respect to the conduct of its business, and its "managers," but only with respect to their duties as managers.

30. Builders seeks a declaration from the Court that G & S is not entitled to coverage under the Builders' Policies because it is not an "Insured" as defined under the "Who Is An Insured" provision in the Policies.

31. Builders seeks a declaration from the Court that none of the subcontractor defendants are entitled to coverage under the Builders' Policies because they are not an "Insured" as defined under the "Who Is An Insured" provision in the Policies.

7

## SECOND CAUSE OF ACTION
### (Duty to Defend/Indemnify – Resultant Damage vs. Faulty Work)

32. Builders incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

33. The damages alleged in the underlying lawsuit do not constitute "property damage" caused by an "occurrence" as defined by the Builders' policies and as included in the Insuring Agreement.

34. Builders seeks a binding declaration from this Court that repair costs associated with a finding of defective or faulty work by McCormick Homes and/or its subcontractor(s) does not meet the policy's definition of "property damage" caused by an "occurrence" and are excluded under the Resulting Damage Coverage endorsements (Forms GL RFWE 10 13 and GL ESCW 01 07).

35. Builders seeks a binding declaration from this Court that the loss of use damages associated with a finding of defective or faulty work by McCormick Homes and/or its subcontractor are excluded under the Resulting Damage Coverage Endorsement (Form GL RFWE). *Id.*

36. Builders seeks a binding declaration from the Court that it does not owe a duty to defend or indemnify because the damages in the underlying lawsuit do not constitute "property damage" caused by an "occurrence" as defined by the Policies and South Carolina law.

37. If the Court determines Builders has a duty to defend and/or indemnify, which is denied, Builders seeks a declaration allocating any damages found against McCormick Homes and/or its subcontractors relating to its scope of work at the project be allocated into categories of (1) improper work, and (2) resulting damages.

8

38. If the Court determines Builders has a duty to defend and/or indemnify, which is denied, Builders seeks a declaration of the dollar amount of damages that meet the definition of "property damage" caused by an "occurrence."

39. If the Court determines Builders has a duty to defend and/or indemnify, which is denied, Builders seeks a binding declaration from this Court that any damages meeting the definition of "property damage" and not otherwise excluded and/or limited by any applicable policy exclusions or limiting endorsements under the Builders' policies must be applied to a time-on-risk analysis to determine which of those damages fall within the policy periods.

## THIRD CAUSE OF ACTION
### (Duty to Defend/Indemnify - Professional Services Exclusions)

40. Builders incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

41. According to the Amended Complaint, McCormick Homes failed to complete the project in accordance with the applicable building code, state law, good design and in conformance with the manufacturer's instructions and industry standards.

42. The Policies do not provide coverage for any qualifying "property damage" arising out of the rendering of or the failure to render any professional services as a result of McCormick Homes providing engineering, architectural, or surveying services in McCormick Home's capacity as an engineer, architect, or surveyor or by providing such services through hiring independent professionals to provide engineering, architectural, or surveying services in connection with McCormick Homes' work.

43. Likewise, the Policies do not provide coverage for any qualifying "property damage" arising from professional services including, but not limited to, approving or failing to

approve drawing and specifications, as well as any inspection or quality control activities done by, or for, McCormick Homes, on a project.

44. Builders would show that any qualifying "property damage" found against McCormick Homes that relates to any professional services by McCormick Homes is excluded under the Designated Professional Services Exclusion (Form CG 21 16 04 13), Engineers, Architects or Surveyors Professional Liability Exclusion (Form CG 22 43 04 13), Contractors Professional Liability Exclusion (Form CG 22 79 04 13), and the Construction Management Errors and omissions Exclusion (Form 22 34 04 13).

45. As such, Builders seeks a binding declaration from the Court that Designated Professional Services Exclusion (Form CG 21 16 04 13), Engineers, Architects or Surveyors Professional Liability Exclusion (Form CG 22 43 04 13), Contractors Professional Liability Exclusion (Form CG 22 79 04 13), and Construction Management Errors and omissions Exclusion (Form 22 34 04 13) in the Policies bars coverage in the Underlying Action, and therefore, Builders has no duty to defend and indemnify McCormick Homes in the Underlying Action.

## FOURTH CAUSE OF ACTION
**(Duty to Defend/Indemnify – Testing or Consulting Errors or Omissions)**

46. Builders incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

47. According to the Amended Complaint, McCormick Homes failed to complete the project in accordance with the applicable building code, state law, good design and in conformance with the manufacturer's instructions and industry standards.

48. The Policies do not provide coverage for any qualifying "property damage" arising out of an error, omissions, defect or deficiency in any test performed, or evaluation or advice given by or on behalf of McCormick Homes.

10

49. Likewise, the Policies do not provide coverage for any qualifying "property damage" arising out of the reliance upon any test, evaluation, consultation or advice by McCormick Homes.

50. Builders would show that any qualifying "property damage" found against McCormick Homes that relates to any error or defect in any test performed or the reliance upon any test performed is excluded under the Testing or Consulting Errors or Omissions Exclusion (Form CG 22 33 04 13).

51. As such, Builders seeks a binding declaration from the Court that the Testing or Consulting Errors or Omissions Exclusion in the Policies bars coverage in the Underlying Action, and therefore, Builders has not duty to defend and indemnify McCormick Homes in the Underlying Action.

### FIFTH CAUSE OF ACTION
### (Duty to Defend/Indemnify - Additional Exclusions)

52. Builders incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

53. Builders would show any such property damage is excluded by the Expected or Intended Exclusion to the extent that it was expected or intended from the standpoint of the insured.

54. Builders would show that any qualifying "property damage" is excluded by the Contractual Liability Exclusion to the extent that McCormick Homes is obligated to pay such damages by reason of the assumption of liability in a contract or agreement.

55. Builders would show that any qualifying "property damage" is excluded by Exclusions K – N because there is no coverage to repair McCormick Homes and/or its subcontractor's work or product or for damage to materials, parts or equipment furnished in connection with products handled or sold by McCormick Homes and/or its subcontractor.

56. Builders would show that the Policies provides only limited fungi/mold coverage, with a $2,500 limit and a $2,000 deductible, for any property damage found against McCormick Homes and/or its subcontractors that would not have occurred, but for the threatened existence of fungi.

57. Builders would show that any other damages and costs claimed in the Underlying Action including, but not limited to, punitive damages and attorneys' fees, that do not meet the definition of "property damage" and are not caused by an "occurrence," are not covered under the Policies.

58. Builders would show that the Policies exclude payment of attorneys' fees and expenses taxed against McCormick Homes under the Supplementary Payments section of the Policies.

59. Builders seeks a binding declaration from this Court that any damages meeting the definition of "property damage" and not otherwise excluded and/or limited by any applicable policy exclusions or limiting endorsements under the Builders' policies must be applied to a time-on-risk analysis to determine which of those damages fall within the policy periods.

60. Builders would show that any property damage found against McCormick Homes that is found to fall under any applicable policy exclusion(s) or limiting endorsement(s) in the Policies are excluded and/or limited. Builders reserves its right to identify additional exclusion(s) and endorsement(s) not explicitly mentioned herein that may exclude or limit coverage.

61. Builders, therefore, seeks a declaration from the Court that the Policies do not require Builders to defend and indemnify McCormick Homes with respect to the claims against it in the Underlying Action.

WHEREFORE, having fully set forth its claims, Builders prays for relief as follows:

1. For a declaration of the rights and obligations of the parties herein;

2. For a declaration that Builders does not owe a duty to defend and indemnify McCormick Homes in the Underlying Lawsuit;

3. In the alternative, for a declaration that determines which damages, if any, trigger the duty of indemnity under the Builders' policies;

4. For the court to determine the dollar amount of damages, if any, due under the relevant Builders' policies after conducting an analysis of the damages to determine which damages, if any, from the underlying lawsuit meet the requirements of the insuring agreement, are not excluded or limited by exclusions or endorsements, and that are property damage caused by an occurrence during the policy periods subject to a time-on-risk analysis; and

5. For any and all other relief this Court deems just and proper.

ETHRIDGE LAW GROUP, LLC

By: *s/ Mary S. Willis*
MARY S. WILLIS
Federal Bar No.: 12388
R. MICHAEL ETHRIDGE
Federal Bar No.: 7497
1100 Queensborough Blvd., Suite 200
Mount Pleasant, SC 29464
843-614-0007
mwillis@ethridgelawgroup.com
methridge@ethridgelawgroup.com

*Attorneys for Plaintiff*